IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACI ADRIAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-0277 |
| | § | |
| CHASE HOME FINANCE, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants' Amended Motion to Dismiss or, in the Alternative, Motion for More Definite Statement ("Motion") [Doc. # 6], to which Plaintiff filed a Response [Doc. # 7]. Defendants neither filed a reply nor requested additional time to do so. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion.

In May 2005, Plaintiff and her husband obtained a loan from Chase Bank USA, N.A. to purchase a home in Harris County, Texas. The note evidencing the loan was assigned to JPMorgan Chase Bank, N.A. ("JPMorgan"), and Chase Home Finance, LLC ("Chase") was engaged as the mortgage servicer. The loan went into default. Attempts to modify the loan were unsuccessful, and foreclosure proceedings were initiated.

Plaintiff filed this lawsuit in Texas state court to stop the foreclosure, and she obtained a temporary restraining order from the Texas court. Plaintiff alleges that the lender's records are incorrect and that statements she has received from Chase are inconsistent. Plaintiff alleges also that Chase failed to honor a Forbearance Plan Agreement, and advised her incorrectly that she would qualify for a HAMP federal program loan modification. Defendants removed this case to federal court and filed the currently-pending Motion.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950.

Plaintiff does not oppose dismissal of the Complaint as against the individual Defendants. Plaintiff also admits that her claim for wrongful foreclosure is premature because no foreclosure has occurred. As to the other claims in her Complaint,

Plaintiff seeks leave to amend. The Complaint was prepared quickly to prevent the impending foreclosure, and was filed in state court where pleading requirements are less stringent. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 6] is **GRANTED** as to the wrongful foreclosure claim, **GRANTED** as to all claims against the individual defendants, and **DENIED** in all other respects. It is further

**ORDERED** that on or before **March 28, 2011**, Plaintiff shall file an Amended Complaint that satisfies the pleading requirements for complaints in federal court. Plaintiff shall allege the factual basis for each cause of action separately, and shall include only those causes of action recognized under Texas or federal law.

SIGNED at Houston, Texas, this 28th day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge